## AFFIDAVIT IN SUPPORT OF APPLICATION

STATE OF WEST VIRGINIA

COUNTY OF CABELL, to-wit:

I, Launa K. Hunt, being duly sworn under oath, states as follows:

### TRAINING AND EXPERIENCE

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice. I am an investigative or law enforcement officer within the meaning of Section 2510 (7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed with the ATF since September 2014, and I am currently assigned to the Ashland Satellite Office. Prior to employment with ATF, I was employed as a police officer and detective with the Kokomo (Indiana) Police Department for approximately 10.5 years. As a law enforcement officer, I have participated in investigations involving homicides, aggravated batteries, serious violent felons, firearms, drug trafficking, robberies, and financial crimes, among other matters. In connection with my official law enforcement duties, I investigate criminal violations of state and federal firearms and narcotics laws, including but not limited to, Title 18, United States Code, Sections 922 and 924; I also investigate criminal violations of money laundering laws, including Title 18, United States Code, Sections 1956 and 1957. I have received special training in the enforcement of laws concerning controlled substances from the Indiana Law

1

Enforcement Academy (ILEA), the Kokomo Police Department and the Federal Law Enforcement Training Center (FLETC). I have testified in judicial proceedings and prosecutions for violations of firearms and controlled substances laws. I have also been involved in various types of electronic surveillance and in the debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and the laundering and concealing of proceeds from drug trafficking. I have participated in investigations involving the manufacturing, trafficking, and distribution of illegal narcotics. I have utilized, and am therefore familiar with, the following investigative techniques: consensual and court ordered electronic surveillance, physical surveillance, pole or other camera surveillance, trash covers, the development and operation of informants and cooperating defendants, the execution of search warrants, consent searches, undercover agent operation, Global Positioning Systems (GPS), highway drug interdiction, and the debriefing of defendants, witnesses, informants, and others who have knowledge of drug trafficking and of the laundering and concealment of proceeds from drug trafficking. I have received specialized training in the utilization of these investigative techniques, and I have also received specialized training regarding the investigation of criminal gangs and other criminal enterprises.

3. I have participated in federal electronic wiretap investigations regarding individuals involved in the trafficking and distribution of controlled substances. I am familiar with the ways in which narcotics traffickers conduct their illicit business, including, but not limited to, their methods of importing and distributing controlled

substances, as well as their use of telephones and coded language to conduct their transactions.

4. I know from my training and experience that individuals involved in the trafficking of controlled substances often maintain possession and control of firearms in attempt to protect themselves and their illegal controlled substances enterprise (that is, both their drugs and drug proceeds). Furthermore, drug traffickers will utilize those firearms as a means to intimidate or ensure the loyalty of their associates and/or subordinates and to prevent those with intimate knowledge of the organization from disclosing information to law enforcement.

## PURPOSE OF THE AFFIDAVIT

5. This affidavit is made for the purpose of establishing probable cause in support of a Seizure Warrant to seize funds, up to $14,000, held in Star USA Financial Federal Credit Union account number 704195, in the name of Frank BASENBACK, that are proceeds traceable to manufacture, distribute or dispense or possess a controlled substance. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a Seizure Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the described funds were obtained through fraudulent activity or traceable to such property. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts.

3

6. **Authority.** This affidavit is being provided to the Court in support of this federal law enforcement officer's request that a warrant be issued pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and Rule 41(c)(1) of the Federal Rules of Criminal Procedure, as incorporated by 18 U.S.C. § 981(b), and 21 U.S.C. § 853(a), as incorporated by 21 U.S.C. § 881(a)(6), 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(1) and 28 U.S.C. § 2461(c), for the seizure of property where there is probable cause to believe that the funds utilized are derived from proceeds traceable to conspiracy to manufacture, distribute, or dispense or possess with intent to manufacture, distribute or dispense, a controlled substance, in violation of 21 U.S.C. §§ 841, 846, and 812(c), Schedule II, and are therefore subject to civil and criminal forfeiture to the United States.

7. Under 21 U.S.C. § 841 it is a federal offense to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance.

8. Fentanyl is a Schedule II controlled Substance. *See* 21 U.S.C. § 812(c), Schedule II.

9. Under 21 U.S.C. § 853, any property constituting, or derived from, any proceeds a person obtained, directly or indirectly as a result of a violation of the Controlled Substance Act, and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of a violation of the Controlled Substance Act, shall be subject to criminal forfeiture to the United States.

4

10. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841, shall be subject to civil forfeiture to the United States.

11. Under 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specific unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), incorporating 18 U.S.C. § 1961(1), which covers "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substance Act)," shall be subject to civil forfeiture to the United States.

12. Under 21 U.S.C. § 853(f), any property subject to criminal forfeiture may be seized by the Government if the Court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture.

13. Under 18 U.S.C. § 981(b)(3), a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed and may be executed in any district in which the property is found.

## ITEM TO BE SEIZED

14. The purpose of this affidavit is to set forth sufficient probable cause for the issuance of a Seizure Warrant for property that was obtained through fraudulent activity or traceable to such

5

property to wit: up to $14,000, held in Star USA Financial Federal Credit Union account number 704195, in the name of Frank BASENBACK.

## PROBABLE CAUSE

15. On September 14, 2023, investigators executed a federal search warrant at Frank BASENBACK's residence of 2801 Haynie Road in Huntington, West Virginia 25704. The warrant was in the furtherance of an investigation into the narcotics trafficking activities of Frank BASENBACK.

16. As a result of the warrant, investigators seized over two kilograms of a substance that field tested positive for fentanyl and approximately $43,000 in US currency. BASENBACK was subsequently arrested and was placed in the Carter County, Kentucky, Jail.

17. In a post-*Miranda* statement, BASENBACK admitted to having approximately $14,000 in US Currency in a bank account held at Star USA Financial Federal Credit Union in Huntington, West Virginia. BASENBACK stated the account number is 704195. Further, BASENBACK admitted this US Currency was derived from the proceeds of narcotics trafficking.

18. BASENBACK stated he received the $14,000 from the sale of a property he owned. He purchased this property with proceeds from the sale of a different property. BASENBACK further stated he used proceeds from trafficking narcotics to purchase the initial property. BASENBACK stated he has no gainful employment and has been trafficking narcotics for several years as his source of income.

19. Based upon the investigation to date, I believe that the funds held in BASENBACK's Star USA Federal Credit Union personal account, Account # 704195, are funds derived from proceeds traceable to BASENBACK's illegal drug distribution activity.

## CONCLUSION

20. Based on the foregoing, there is probable cause to believe that the subject funds held in Star USA Federal Credit Union account number 704195 in the name of Frank BASENBACK constitute proceeds of violations of 18 U.S.C. § 841, and therefore is subject to criminal forfeiture pursuant

6

to 18 U.S.C. § 981(b), and 21 U.S.C. § 853(a), as incorporated by 21 U.S.C. § 881(a)(6), 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(1) and 28 U.S.C. 2461(c), for the seizure of property where there is probable cause to believe that the property constitutes or is derived from proceeds traceable to conspiracy to manufacture, distribute, or dispense or possess with intent to manufacture, distribute or dispense, controlled substances, in violation of 21 U.S.C. §§ 841 and 846, and 812(c), Schedule II.

WHEREFORE, it is respectfully requested that a seizure warrant be issued ordering the seizure of funds, up to $14,000, from the above-described Star USA Federal Credit Union account number 704195, in the name of Frank BASENBACK.

Further your affiant sayeth naught.

_____
Launa K. Hunt, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

SUBSCRIBED AND SWORN before me by telephonic means, this 25th day of September 2023.

_____
CHERYL A. EIFERT
UNITED STATES MAGISTRATE JUDGE